## McSwain *v.* Cephus.

[69 South. 178.]

ATTACHMENT. *Actions. Affidavit. Amendment. Statute.*

Under Code 1906, section 2859, so providing, if attachment proceedings be quashed they may be amended, and where a writ of attachment has been quashed for want of a proper affidavit, it was error for the court to refuse to allow the affidavit to be amended.

APPEAL from the circuit court of Perry county.
HON. PAUL B. JOHNSON, Judge.

Appeal by Mrs. E. I. McSwain, administratrix, against Steve Cephus, begun in justice court and appealed to circuit court. The writ was there quashed and from an order denying leave to amend, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Tally & Mayson* and *C. A. McSwain,* for appellant.

The objection made by the appellee is in every sense highly technical. We do not want to be understood for

a moment as conceding that there was anything ir-
regular or .that the attachment affidavit was not in suf-
ficient form. We do insist, though, that even the sup-
posed irregularity, which only the most captious ob-
jector could discover, was amendable and should have
been amended on due and timely application. In or-
dinary cases of attachment the proceedings are regar-
ded with great liberality. Proceedings are always per-
mitted- to be amended upon motion to quash so as to
bring the merits of controversy squarely before the
court. The following authorities clearly support the
proposition that the affidavit in this case(even if de-
fective), should have been amended on application.
*Hartsell* v. *Myers,* 57 Miss. 135; *Coulter* v. *State,* 75
Miss. 356, 22 So. 872; *Hayne* v. *Stovall,* 67 Miss. 514,
7 So. 52; *Hollingsworth* v. *Willis,* 64 Miss. 152, 8 So.
170.

It was said by Mr. Justice Terrall in delivering the
opinion in the case of *Schilicht* v. *Callcott,* 76 Miss. 487:.
''It is said that the action of the circuit court is correct,
because it is said that the filing of the bill of particulars
of his demand for supplies by the lessor when he made
the affidavit for the attachment of distress warrant is
jurisdictional—a condition precedent to the issuance
of a valid distress warrant. And such, undoubtedly
was the harsh and rigid doctrine of the common law,
which held that every statutory or other special power
must be strictly pursued. But this rigid and inhospit-
able rule of the common law has, by the wisdom of the
legislature, been altered in the instance of distress pro-
ceedings by section 2521 (Code of 1892), which pro-
vides that if the tenant shall replevy the goods attached,
or contest the right of the lessor, and in so doing shall
object to any of the attachment proceedings, that the
lessor may amend the attachment proceedings.'' As
section 2521 is the same as section 2859 of the Code of
1906, as heretofore observed, the sections in the Code

109 Miss.—24

of 1892 and 1906 are identical and are materially different from their prototype in the Code of 1880, as above set forth.

It is provided in the general attachment law, Code of 1906, section 136, that in all cases wherein attachment bond or affidavit may be defective in any respect or may be lost or destroyed, plaintiff shall be allowed to file a new affidavit and bond, which shall be in all respects valid and binding, as if given at the commencement of the suit. Surely it was never the intention of the legislature to allow more liberal rules of amendment in ordinary attachment than in that of landlord and tenant. It has always been the policy of this state to favor the landlord in the collection of his rent, he having furnished the land upon which the crop was made and provisions and supplies with which to make the crop. Certainly, then, he should be treated with some consideration when it comes to collecting his rent from a refractory tenant.

In construing section 136 and section 775, Code of 1906, this court in *Greenwood Grocery Company* v. *Bennett*, 101 Miss. 573, 58 So. 482, said among other things: "It seems clear that the plaintiff should have been allowed to amend the attachment proceeding, or to have filed a new bond and affidavit. An amendment should have been allowed to all the defects which we have not mentioned in the statement of the case. Courts of law are organized for the purpose of trying causes upon their merits and only in exceptional cases have the trial courts refused to permit amendments of pleadings or proceedings. *Bishop* v. *Fennerty,* 46 Miss. 570."

*D. K. McDonald* and *A. T. L. Watkins,* for appellee.

The contention of counsel for appellant is that the affidavit or complaint though defective is amendable in the circuit court. This argument would be good if the

affidavit could be classed as an irregular affidavit with the main elements of an affidavit with only some irregularities about it, but in this case there is no affidavit at all. The court will notice that C. A. McSwain, Attorney, for appellant, undertook to swear for his client, not upon information which he believed to be true, nor upon personal knowledge; the affidavit must be the act of the person, and must be made personally. See the following cases which are the leading cases in point—54 Miss. 640; 53 Miss. 500; 66 Miss. 494, 59 Miss. 34.

Counsel for appellant contends that the court erred in not allowing the appellant to amend his affidavit. There is no affidavit on file in this case. The attempt to amend a void proceeding on appeal from the justice court to the circuit court is an unheard of precedent, and if allowed would amount to originating a suit which properly should originate in the justice court or in the circuit court. I think the court below took the proper view of the matter and is sustained by the law in every respect.

Cook, J., delivered the opinion of the court.

In the body of the affidavit for attachment for rent and supplies, it appears that the administratrix of the deceased landlord was sworn and made oath. At the bottom of the affidavit, and just above the jurat of the justice of the peace, is written, ''Mrs. Eddie I. McSwain, by C. A. McSwain, Attorney in Fact.'' In the circuit court the defendant made a motion to quash the attachment writ and abate levy for the following reasons, viz.: (1) Because there is no affidavit, as required by law, in such proceeding. (a) An affidavit is necessary as the basis of the action, and the court acquired no jurisdiction of the person nor property by the issuance of said process without an affidavit. (2) The justice court having no jurisdiction, this court has none. (3) Because the amount sued upon is beyond the jurisdiction of the jus-

tice court. This motion was sustained by the court, whereupon plaintiff then made a motion for leave to amend the affidavit by showing that the same was sworn to by C. A. McSwain, attorney. This motion was overruled, and, from the order overruling the same, this appeal is prosecuted.

The last ground of the motion to quash the writ is not pressed here, presumably for the reason that the facts do not support it. So there is but one question presented to us for decision, which is: Did the trial court err in overruling the motion for leave to amend the affidavit?

Section 2859 of the Code of 1906 provides: "If the attachment proceedings be quashed they may be amended." This provision of the statute confers a right which the court denied without any apparent reason.

*Reversed and remanded.*